1  **TERRY A. DAKE, LTD.**
   20 E. Thomas Rd.
2  Suite 2200
   Phoenix, Arizona  85012-3133
3  Telephone: (602) 710-1005
   tdake@cox.net
4
   **Terry A. Dake - 009656**
5
   Attorney for Trustee
6
                  **IN THE UNITED STATES BANKRUPTCY COURT**
7
                      **FOR THE DISTRICT OF ARIZONA**
8
   In re:                    )     In Chapter 7 Proceedings
9                            )
   MILKA PRODANOVIC;          )     Case No. 2:19-BK-07773-EPB
10                           )
                    Debtor.   )
11  _____ )

12              **MOTION TO APPROVE COMPROMISE**

13         The  trustee  moves  this  Court  for  the  entry  of  an  order

14  approving  a  compromise  with  Dragan  Prodanovic  ("Dragan").    The

15  trustee's  motion  is  more  fully  set  forth  in  and  is  supported  by  the

16  following Memorandum Of Points And Authorities.

17         DATED November 19, 2019.

18                              **TERRY A. DAKE, LTD.**

19                              By /s/ TD009656
                                   _____
                                   Terry A. Dake
20                                 20 E. Thomas Rd.
                                   Suite 2200
21                                 Phoenix, Arizona  85012-3133
                                   Attorney for Trustee
22

23           **MEMORANDUM OF POINTS AND AUTHORITIES**

24         Prior  to  the  bankruptcy  filing,  debtor  Milka  Prodanovic

25  ("Milka")  filed  a  marriage  dissolution  action  against  her  spouse,

26  Dragan.    A  consent  decree  was  subsequently  entered  which  awarded  to

27  Dragan  all  right,  title  and  interest  in  the  property  at  19225  N.  44th

28

Ave., Glendale, AZ (the "44th" property).  The 44th property is subject to a mortgage with a balance of approximately $101,000.00.

The trustee contends that the award of the 44th property to Dragan is avoidable by the trustee as a transfer for inadequate consideration.  Dragan disputes the trustee's claims.

In order to resolve this dispute, Dragan has agreed to pay to the trustee $25,000.00 to satisfy any and all claims of the bankruptcy estate to the 44th property.

In light of the amounts at issue, and the costs and uncertainties of additional litigation, the trustee believes that the proposed compromise is reasonable and in the best interest of the estate.  The proposed compromise avoids the delay, expense and uncertainty of additional litigation and provides a return to the estate.

Without this settlement, the trustee would be required to file an adversary proceeding against Dragan, both to set aside the transfer of Milka's interest in the 44th property and also to force the sale of the 44th property without Dragan's consent.  These proceedings would impose administrative expenses on the estate which would not be recoverable from Dragan.  Further, even if the trustee avoided the transfer, the Court could refuse to order the sale of the entire 44th property at which time the trustee would be forced to sell only the estate's interest in the 44th property, which would limit the recovery by the estate.

The agreed upon amount of $25,000.00 shall be paid to the trustee by Dragan not later than thirty (30) days after the entry of

2

an order approving this compromise. Upon payment in full, any and all claims of the bankruptcy estate to the 44th property shall be fully resolved, satisfied and released.

Since Milka Prodanovic voluntarily transferred her interest in the 44th property prior to the bankruptcy filing, Milka shall have no right, title or interest in these settlement proceeds. If Milka contends that she has any such claim, that claim must be presented to this Court by Milka's objection to this settlement prior to the Court's approval of this settlement since such a claim will materially alter the consideration to the bankruptcy estate for this settlement. If such a claim is not presented by Milka prior to the approval of this settlement by this Court, then it shall be forever barred. Further, if the Court determines that Milka has a valid claim to these settlement proceeds then this settlement shall be void. If such a claim is presented by Milka, it shall be determined by the Court prior to the approval of this settlement. If for any reason the Court refuses to make that determination prior to approval of this settlement, then his settlement shall be void.

**WHEREFORE,** the trustee prays for the entry of an order approving a compromise with Dragan as set forth herein.

DATED November 19, 2019.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133

3

**APPROVED AND AGREED:**


/s/ Jim Gaudiosi
Jim Gaudiosi
Jim Gaudiosi, Attorney at Law PLLC
17505 N. 79th Ave
Suite 112A
Glendale, AZ 85308
623-777-4760
602-388-8250 Fax
Attorney for Dragan Prodanovic

4